**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| | : | |
| **Applicant,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | |
| | : | |
| **SECURITIES COMPLIANCE GROUP, LTD., MEGAN M. RUETTIGER and ADAM S. TRACY,** | : | |
| | : | |
| | : | |
| **Respondents.** | : | |
| | : | |
| | : | |

_____

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING
RESPONDENTS TO COMPLY WITH ADMINISTRATIVE SUBPOENAS**

Pursuant to Fed. R. Civ. P. 81(a)(3), the United States Securities and

Exchange Commission (the "Commission") respectfully requests that summary

proceedings be opened for the purposes of its Application for an Order to Show

Cause and for an Order Requiring Respondents to Comply with Administrative

Subpoenas.  In support the Commission shows as follows:

**I. Introduction**

1.     This action has become necessary due to the continued contumacy of Respondents Securities Compliance Group, Ltd. ("Securities Compliance"), Megan M. Ruettiger ("Ruettiger") and Adam S. Tracy ("Tracy") with respect to 6 Commission-issued subpoenas over an extended period of approximately 9 months.  Respondents have refused to even partially comply with the subpoenas requiring them to produce documents and to appear for testimony in connection with the Commission's ongoing investigation of certain public companies, as well as Securities Compliance, and persons associated with those issuers.  As reflected in the Commission's Memorandum in Support and the attachments thereto, Respondents have been given numerous opportunities for late compliance and have refused in every instance.

2.     The Commission is investigating whether Securities Compliance, through Tracy, its managing partner, and/or other officers, directors, employees or agents, including Ruettiger, may have violated and may be violating, *inter alia*, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(10)], and Rule 10b-5 thereunder [17 C.F.R § 240.10b-5], Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 13a-1 and 13a-13 thereunder [17

C.F.R. §§ 240.13a-1 and 240.13a-13], and Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)] and Rules 15d-1 and 15d-13 thereunder [17 C.F.R. §§ 240.15d-1

and 240.15d-13].

3.     The subpoenas relate to an investigation concerning possible violations by

Respondents, including, among other things, engaging in, or intending to engage

in, offering frauds.  The violations involve potential misstatements and omissions

of material fact in pending or recently effective Form S-1 registration statements.  .

Since April, 2014, fifteen corporations have filed with the Commission similar

Form S-1 and Form S-1A registration documents and amendments to register

initial public offerings with Tracy acting as either the drafter of the documents,

providing a legal opinion on the registration statement, or both.  These filings have

common characteristics and indicate that some of these companies: (1) may not

appear to be viable developmental stage companies; (2) may be seeking to create

fraudulent shell companies that evade requirements applicable to offerings by

"blank check" companies under Rule 419 promulgated under the Securities Act of

1933 ("Securities Act"); or (3) may have failed to disclose the identity of their true

control persons, promoters and gatekeepers.

4.     The Commission hereby applies to this Court for an Order requiring Respondents to show cause why they should not be ordered to appear for testimony and provide document production, pursuant to subpoenas properly issued by the Commission and served upon them in connection with an ongoing Commission law enforcement investigation. The Commission further requests that the Court thereafter enter an Order requiring Respondents to obey the subpoenas.

5.     Jurisdiction is conferred upon this Court, and venue properly lies within the Northern District of Georgia, pursuant to Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c).  Section 21(c) of the Exchange Act provides that in case of a refusal to obey a subpoena, "the Commission may invoke the aid of any court of the United States within the **jurisdiction of which such investigation or proceeding is carried on**, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records."  (Emphasis added.)

6.     In support of this Application, the Commission submits the accompanying declaration of Commission Staff Attorney Edward H. Saunders ("Saunders Dec."), the exhibits thereto, and a Memorandum in Support of Application of the Securities and Exchange Commission For an Order to Show Cause and For an Order Requiring Respondents to Comply with Administrative Subpoenas.

## II.     Factual Summary

7.     On October 28, 2015, pursuant to Section 20(a) of the Securities Act [15 U.S.C. § 77t(a)] and Section 21(a) of the Exchange Act [15 U.S.C. § 78u(a)], the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation captioned In the Matter of Sonant Communications Corp., and Certain Other Issuers (the "Formal Order").  Saunders Dec., ¶6.

8.     The Formal Order explicitly designated Mr. Saunders, among other Commission staff members, as an officer of the Commission for purposes of the investigation, and empowered each person so designated to subpoena witnesses and require the production of any evidence deemed relevant or material to the inquiry.  Saunders Dec., ¶8.

9.     Mr. Saunders, acting on behalf of the Commission pursuant to the Formal Order, caused the service of six subpoenas, dated November 3, 2015, January 25, 2016, February 11, 2015, February 18, 2015, and April 21, 2016 (on this date, Mr. Saunders served 2 subpoenas, one each to Tracy and Ruettiger), (the "Subpoenas") on Respondents Securities Compliance, Ruettiger and/or Tracy seeking documents and/or testimony.  Saunders Dec., ¶¶10-36, and Exhibits B, G, H, I, J and K thereto.

10.     One of the Subpoenas required Respondents to produce documents to the Commission's Atlanta Regional Office on November 19, 2015.  None of the Respondents has produced any documents pursuant to the Subpoenas.[1]  Saunders Dec., ¶¶10-21 and Exhibits C, D, E and F thereto.

11.     With respect to testimony, despite being given numerous extensions – many granted *after* Respondents' counsel had promised compliance by a certain date, and then failed to appear with his clients – none of the Respondents have appeared for testimony as required by the Subpoenas.  Saunders Dec., ¶¶22-35; 37 and Exhibits L and M thereto.

12.     The documents and testimony required under the Subpoenas are relevant to the matter under investigation, are not otherwise in the Commission's possession, and may provide evidence as to whether Respondents, and/or others violated the federal securities laws.  Saunders Dec., ¶¶10-35; 37 and Exhibits A-M thereto.

---

[1]     On March 14, 2016, Respondents' counsel produced approximately 1,000 pages of documents that he claimed were responsive to the staff's subpoenas. Saunders Dec., ¶20.  Upon review, however, the staff determined the documents were totally non-responsive.  Id.  In fact, Respondents' counsel later admitted the documents related to an entirely separate SEC investigation involving Tracy and Securities Compliance that originated in a different SEC Regional Office.  Saunders Dec., ¶22.

The documents sought by the Commission are, therefore, relevant and important to the Commission's investigation and within the scope of the Formal Order.

WHEREFORE, the Commission respectfully requests:

## I.

That the Court enter an Order to Show Cause, directing Respondents Securities Compliance, Ruettiger and Tracy to show cause why this Court should not enter an Order requiring their appearance for testimony and their production of the requested documents;

## II.

That the Court enter an Order requiring Respondents Securities Compliance, Ruettiger and Tracy to comply fully with the Subpoenas; and

## III.

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the Subpoenas.

Dated:  June 15, 2016[2]

Respectfully submitted,

*/s/ W. Shawn Murnahan*
M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Email:  loomism@sec.gov

W. Shawn Murnahan
Senior Trial Counsel
Georgia Bar No. 529940
Email:  murnahanw@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
Atlanta Regional Office
950 East Paces Ferry Road, N.E.,
Suite 900
Atlanta, Georgia 30326-1382
(404) 842-7669 (Murnahan)

---

[2]      Pursuant to Local Rule 7.1D, counsel for the Commission certifies that this
Application of the Securities and Exchange Commission for an Order to Show Cause
and for an Order Requiring Respondents to Comply with Administrative Subpoenas
has been prepared in 14 point Times New Roman font, which is approved by the
Court in LR 5.1B.